OPINION
{¶ 1} Joseph Peoples appeals from the judgment of the Lake County Court of Common Pleas, finding him guilty of ten drug-related crimes, and sentencing him to a prison term totaling twelve years. We affirm his convictions in part, but vacate his sentences, and remand for resentencing. *Page 2 
 {¶ 2} April 14, 2005, the Lake County Narcotics Agency ("LCNA") executed a search warrant on a house at 481 Owego Street, Painesville, Ohio. This followed two controlled purchases of crack cocaine by Confidential Informant 694 from one of the residents of that house, Joseph Peoples. On entering the house, LCNA agents found Mr. Peoples, Mr. Sean Spring, and Mr. Jasper Winchester. They also found three bags of crack, one bag of marijuana, the cell phone Mr. Peoples had used during his negotiations with Confidential Informant 694, and a digital scale. LCNA Special Agent 83 videotaped the premises at 481 Owego Street throughout execution of the search warrant. In one of the bedrooms, he videotaped a marijuana "grow" room, i.e., a small enclosure, covered in aluminum foil to facilitate the speedy growth of marijuana with high powered lighting. The "grow" room was evidently unused.
 {¶ 3} Mr. Peoples executed a written waiver of his Miranda rights. He then admitted to being a dealer in cocaine, and that the marijuana and some of the cocaine found at 481 Owego Street, belonged to him. He admitted to having just concluded a crack deal worth $220, and that most of the $350 found in his pocket resulted from his crack business.
 {¶ 4} Mr. Spring told the LCNA that he had driven Mr. Peoples, Miss LaBrenda Smith, and her infant child, to the Days Inn in Willoughby, Ohio, earlier that day. After dropping off Miss Smith and her child, Mr. Spring and Mr. Peoples went to a grocery store to purchase food. Upon returning to the Days Inn, Mr. Spring stated that he observed substantial amounts of crack, marijuana, and cash in the room occupied by Miss Smith. *Page 3 
 {¶ 5} Based on Mr. Spring's statement, the LCNA obtained a search warrant for Room 216 of the Days Inn. There, they found Miss Smith, her child, eighteen bags of crack in the mattress, marijuana on the table, and $3,660 in cash. Clothing appropriate for a man of Mr. People's size was also discovered. Miss Smith stated that the cash and marijuana were hers, but not the crack.
 {¶ 6} May 19, 2005, an information in three counts was filed by the Lake County prosecutor against Mr. Peoples, evidently in contemplation of a plea. This information was withdrawn May 27, 2005, when the deal fell through. June 7, 2005, the Lake County Grand Jury returned an indictment against Mr. Peoples, in ten counts: count one, trafficking in cocaine, a felony of the fourth degree, in violation of R.C.2925.03(A)(1); count two, trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1); count three, possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11, with a forfeiture specification; count four, trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), with a forfeiture specification; count five, possession of cocaine, a felony of the third degree, in violation of R.C. 2925.11, with a forfeiture specification; count six, trafficking in cocaine, a felony of the third degree, in violation of R.C. 2925.03(A)(2), with a forfeiture specification; count seven, trafficking in marijuana, a felony of the fifth degree, in violation of R.C. 2925.03(A)(2); count eight, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; count nine, possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11, with a forfeiture specification; and count ten, trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), with a forfeiture specification. *Page 4 
 {¶ 7} A plea of "not guilty" to each count of the indictment was entered by the trial court on Mr. Peoples' behalf.
 {¶ 8} The matter came on for jury trial August 8, 2005. August 9, the jury found Mr. Peoples guilty on each charge. The trial court deferred sentencing pending preparation of a pre-sentence report and a drug and alcohol evaluation. September 7, 2005, the trial court held hearing, and sentenced Mr. Peoples, which sentences were memorialized in a judgment entry filed September 15, 2005. The court ordered:
 {¶ 9} "[t]hat the Defendant serve a stated prison term of seventeen (17) months in prison on Count 1; eleven (11) months in prison on Count 2; six (6) years in prison on Count 3; six (6) years in prison on Count 4; four (4) years in prison on Count 5; four (4) years in prison on Count 6; eleven (11) months in prison on Count 7; eleven months in prison on Count 8; six (6) years in prison on Count 9 and six (6) years in prison on Count 10. Counts 1 through 8 are to run concurrent, Counts 9 and 10 are to run concurrent with each other and Counts 3 and 9 are to run consecutive to each other for a total of twelve (12) years."
 {¶ 10} The trial court further granted Mr. Peoples credit for time already served; ordered the forfeiture of the monies found on him and at the Days Inn in Willoughby at the time of his arrest; waived the mandatory fine due to Mr. Peoples' indigency; and, suspended his driver's license.
 {¶ 11} September 22, 2005, Mr. Peoples timely noticed this appeal, making four assignments of error:
 {¶ 12} "[1.] The trial court's imposition of consecutive sentences upon appellant based upon findings not made by a jury nor admitted by appellant is contrary to law and *Page 5 
violates appellant's right to due process, as guaranteed by theFourteenth Amendment to the United States Constitution.
 {¶ 13} "[2.] The trial court erred by imposing consecutive sentences upon appellant.
 {¶ 14} "[3.] The trial court committed plain error by admitting the video and testimony of an alleged `grow room.'
 {¶ 15} "[4.] The appellant's convictions for possession and trafficking in the cocaine found at the hotel are against the manifest weight of the evidence."
 {¶ 16} We shall consider the last two assignments of error, challenging the underlying convictions, before dealing with Mr. Peoples' challenge to his consecutive sentences.
 {¶ 17} By his third assignment of error, Mr. Peoples alleges the trial court committed plain error both by allowing the jury to view that portion of the video tape of the house at 481 Owego Street showing the marijuana "grow" room, and by permitting Special Agent 83 of the LCNA to testify about it. Mr. Peoples first argues that any evidence relating to the "grow" room was irrelevant to the charges against him, only one of which related to trafficking in marijuana. He notes Special Agent 83 stated that the room was largely disassembled, and had evidently long been unused. Thus, he posits that the "grow" room had nothing to do with the marijuana he (admittedly) held at the time of his arrest.
 {¶ 18} Mr. Peoples also argues that the evidence concerning the "grow" room violates Evid.R. 404(B), as it was evidence of other criminal acts. He asserts that it *Page 6 
improperly implied to the jury that he had been in the drug trade so long that he was in the process of abandoning and disassembling part of his infrastructure.
 {¶ 19} No objection was made at trial to admission of the "grow" room portion of the video tape, or to Special Agent 83's testimony. However, under Crim.R. 52(B), "plain error" affecting substantial rights may be noticed by an appellate court, even though objection was not made.State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62. There are three limits on an appellate court's ability to review "plain error" absent an objection: (1) there must be a genuine error, a departure from a legal rule; (2) the error must be "plain" or "obvious"; and, (3) the error must have affected the defendant's substantial rights, i.e., the outcome of the trial. Id. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 20} In this case, the admission of the videotape concerning the "grow" room, and Special Agent 83's testimony concerning that room, meet none of the criteria necessary to invoke the "plain error" doctrine. The LCNA fully videotapes all executions of search warrants: the "grow" room was part of the premises being searched. Special Agent 83 testified that the "grow" room seemed unused. Since there was no departure from any legal rule, the alleged error could be neither "plain" nor "obvious." Most important, there is nothing to indicate that the alleged error affected the outcome of the trial. The record is replete with evidence of Mr. People's guilt — including his own confession. There being no manifest miscarriage of justice to prevent, "plain error" does not lie. *Page 7 
 {¶ 21} The third assignment of error lacks merit.
 {¶ 22} By his fourth assignment of error, Mr. Peoples alleges that his convictions for possessing and trafficking in the cocaine found at the Willoughby Days Inn are against the manifest weight of the evidence. We agree. Mr. Peoples argues that only three things tie him to the cocaine found in Room 216: (1) that he had visited the room with his girlfriend, Miss Smith; (2) that Miss Smith and her infant were staying in the room; and, (3) the men's clothing in his size which was seized in the room.
 {¶ 23} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 24} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 8 
 {¶ 25} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 26} In this case, it is clear that the jury did lose its way, even though Mr. Peoples admitted to being a drug dealer. His cohort, Mr. Springs, testified that he took Mr. Peoples and Miss Smith to the Willoughby Days Inn, and that he saw only a small portion of the drugs and money. Upon execution of the search warrant, vast quantities were seized. Miss Smith denied the crack was hers. Her personal belongings were in the room. The bulk of the drugs were hidden in the mattress. There is no evidence, other than his brief presence earlier that day with Miss Smith and Mr. Springs that he possessed, controlled or sold any of the drugs confiscated by the warrant of the LCNA agents. There is no evidence of any personal belongings, keys, name on register, nothing to substantiate his possession or trafficking in the cocaine which resulted in counts nine and ten in the conviction. There is no rational inference that the drugs and the money in the room were his, or even that any of the drugs or money not found on his person were his. There must be some competent, credible evidence to establish a connection to the drugs, not just a romantic relationship with someone in a hotel room. *Page 9 
 {¶ 27} Furthermore, Miss Smith admitted that the marijuana and $3,600 in cash were hers. Again, the only evidence against Mr. Peoples was his presence in the room for a brief instance, and clothes that could fit any adult male. This was clearly not adequate to carry the state's burden, nor could reasonable inferences be drawn that he knew about the drugs, possessed the drugs or conspired to possess or sell the drugs in the hotel room.
 {¶ 28} The fourth assignment of error has merit.
 {¶ 29} In his first and second assignments of error, Mr. Peoples makes constitutional and statutory attacks on the consecutive sentences imposed upon him. In sentencing Mr. Peoples, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court. On that basis, these assignments of error have merit.
 {¶ 30} Mr. Peoples' sentences in this case are impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C.2929.14(E)(4) and 2929.19(B)(2) are unconstitutional for violating theSixth Amendment because they deprive a defendant of the right to a jury trial pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 31} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(E)(4) and2929.19(B)(2). After severance, judicial factfinding is not required before imposing consecutive sentences based on a jury verdict or admission of the defendant. Foster at paragraph four of the syllabus. *Page 10 
 {¶ 32} Since Foster was released while this case was pending on direct review, Mr. Peoples' sentences are void, must be vacated, and this matter remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing consecutive sentences. Id. at paragraph seven of the syllabus.
 {¶ 33} In essence, the evidence will not support a conviction.
 {¶ 34} However, Section 3(B)(3), Article IV of the Ohio Constitution provides:
 {¶ 35} "A majority of the judges hearing the cause shall be necessary to render a judgment. Judgments of the courts of appeals are final except as provided in section 2(B)(2) of this article. No judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause."
 {¶ 36} The Ohio Supreme Court has interpreted this section of the Ohio Constitution to mean that, where an appellate court determines it appropriate to reverse a jury verdict based on the manifest weight of the evidence, all three judges must concur in reversal; otherwise, the verdict must stand. As the Supreme Court stated in State v.Thompkins, supra, paragraph four pf the syllabus, to "`reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required.'" State v. Miller, 96 Ohio St.3d 384, 2002-Ohio-4931, at ¶ 38.
 {¶ 37} Accordingly, if one judge does not concur with a majority's determination that the jury's verdict was against the manifest weight of the evidence, the verdict must stand. *Page 11 
 {¶ 38} Appellant's convictions are affirmed, but his sentences are vacated and the matter is remanded to the trial court for resentencing pursuant to Foster, and consistent with the holding of this opinion.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.